

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| ROBYN BARKER, CHRIS BARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:25-5327-MGL-PJG |
| | § | |
| CORNERSTONE ONDEMAND, INC.; | § | |
| MICHAEL PAWLYSZYN; DAVE ROSS; | § | |
| CARINA CORTEZ; JORDANA DICKINSON; | § | |
| SARAH VIGIL; STEPHANIE KROTZ; JADE | § | |
| WHITE; ED KAUFMAN; and HIMANSHU | § | |
| PALSULE, | § | |
| | § | |
| Defendants. | § | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS,
AND DENYING PLAINTIFF'S MOTION TO REMAND**

---

## I.    INTRODUCTION

Plaintiffs Robyn Barker and Chris Barker (collectively, the Barkers), filed this action pro se in the Richland County Court of Common Pleas against the above-named defendants (collectively, Defendants). Defendants timely removed this case from state court. Robyn Barker asserts causes of actions under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act of 1963, and the Family and Medical Leave Act. She also brings claims under several California and South Carolina statutes, as well as under South Carolina common law. Chris Barker also brings multiple claims under South Carolina common law.

1

Finally, both Barkers seek a declaratory judgment an arbitration agreement Robyn Barker signed is inapplicable to several of their claims.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Plaintiff's motion to remand be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II.     FACTUAL AND PROCEDURAL HISTORY

Robyn Baker's claims relate to her employment with Defendant Cornerstone OnDemand (Cornerstone) and her eventual termination, the hiring process before she was employed by Cornerstone, and conduct following her termination. For purposes here, the Court accepts all facts alleged in the complaint as true.

Robyn Barker was a "top candidate" for employment with SAP SuccessFactors in "mid-2024." Amended Complaint ¶ 7. During the hiring process, Defendants Michael Pawlyszyn and Dave Ross coordinated to stall her hiring at SAP, recruited her for Cornerstone, and then pressured her into taking a job at Cornerstone. Amended Complaint ¶¶ 8-10. Ultimately, Robyn Barker accepted the job at Cornerstone. Amended Complaint ¶ 11.

At Cornerstone, Robyn was then "subjected to coordinated exclusion, retaliation, manipulation, and targeted misconduct by multiple defendants" for the following eight months. Amended Complaint ¶ 12. This culminated in a "premeditated ambush" Defendant Jordana Dickson "orchestrated" on November 4, 2024, which was "designed to misrepresent Robyn's standing." Amended Complaint ¶ 13. Defendants Stephanie Krotz and Jade White "engaged in repeated verbal and procedural attacks on Robyn's leadership and character." Amended Complaint

¶ 14.  Robyn Barker made "internal complaints about retaliation , discrimination, and emotional distress — including symptoms tied to ADA-qualifying conditions," and she "was terminated shortly thereafter."  Amended Complaint ¶¶ 15-16.  Her "claims include allegations of sex-based harassment and hostile work environment."  Amended Complaint ¶ 19.

After her termination, Robyn Barker alleges, "Krotz made multiple defamatory statements and circulated false and damaging information — including through internal [Cornerstone] channels and social media platforms — to both internal personnel and external third parties."  Amended Complaint ¶ 4.  "These communications were knowingly false, intended to prevent her re-employment, and caused measurable harm including lost job opportunities."  Amended Complaint ¶ 18.

"Chris Barker experienced emotional distress due to his wife's workplace mistreatment and was personally subjected to ritualized targeting by Dave Ross."  Amended Complaint ¶ 20.  He raises "claims for emotional distress and loss of consortium."  Amended Complaint ¶ 22.  The Barkers also seek declaratory judgment the arbitration agreement Robyn Barker signed is invalid or, in the alternative, is inapplicable to certain of their claims.  Amended Complaint ¶¶ 23, 30.

Defendants' Notice of Removal asserts this Court has jurisdiction over the case as it involves a federal question and on the basis of diversity of the parties.  The Barkers filed a motion to remand the case to state court, and Defendants filed a response in opposition.

The Magistrate Judge filed the Report on January 16, 2026.  The Barkers filed objections on January 13, 2026.  Defendants filed a reply to the objections on January 26, 2026.

## III.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## IV.      DISCUSSION AND ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151.

The Magistrate Judge recommends denying the motion to remand because "all of the state law claims presented by the plaintiffs, including Mr. Barker's claim, are intertwined with and related to Mrs. Barker's federal claims." Report at 4. She concluded "the [state] claims share a sufficient factual relation with the federal claims and supplemental jurisdiction is appropriate." *Id.*

4

The Barkers raise three objections the Court will address momentarily. The Court will first note, however, Defendants argue the Barkers' objections "consist of arguments . . . already advanced to the Magistrate Judge" and therefore "do not constitute proper objections" requiring de novo review. Response in Opposition to Plaintiffs' Objections at 1.

Defendants are incorrect because "district courts must solely consider the specificity, not the novelty, of objections to magistrate recommendations." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023). That the objections "resemble[] arguments [they] had made previously" fails to serve as a barrier to de novo review. *Id.*

A.      **First Objection**

First, the Barkers argue the Magistrate Judge's analysis was cursory and failed to recognize three categories of their claims are sufficiently factually distinct to support remand: (1) "pre-employment conduct," (2) "post-termination conduct," and (3) "Chris Barker's independent tort claims." Objections at 2-3. Addressing this alleged dissimilarity, they argue, for example:

> Plaintiffs' pre-employment and post-termination claims against Defendants Michael Pawlyszyn and Dave Ross are asserted against them as individual actors for common-law torts. These claims are not asserted under Title VII, the ADA, the EPA, or the FMLA, and liability does not require Plaintiffs to prove, as an element, the violation of those federal statutes; it turns on state-law elements governing inducement, tortious interference, [and other claims] . . . .

Objections at 3. Defendants respond, "Plaintiffs seemingly argue that a court can exercise supplemental jurisdiction over state-law claims only if those claims share the same 'nucleus' of legal elements, which is not the test." Reply at 3-4 (emphasis omitted).

The Court agrees with Defendants. Supplemental jurisdiction extends to "all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Here, it is undisputed the Court

5

has jurisdiction over Robyn Barker's employment-dispute claims arising under federal statute. Therefore, the Court has supplemental jurisdiction over state-law claims "so related to" the federal ones. *Id.*

Any claims "sharing a 'common nucleus of operative fact' with the federal-law ones" are covered by the Court's supplemental jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31 (2025). As this question "is one of fact," *id.*, it is irrelevant it would be unnecessary for the Barkers "to prove, as an element, the violation of those federal statutes," Objections at 3, to prevail on the state-law claims.

Although the Court recognizes there is some measure of dissimilarity between the federal-law claims and those three categories of claims identified in the first objection, the similarities are still sufficient to keep the claims within the supplemental jurisdiction of this Court. Fundamentally, the Barkers' assert claims arising out of Robyn Barker's hiring at Cornerstone (and her effectively suspended hiring at SAP), her time at Cornerstone, and conduct by Cornerstone employees immediately following her termination from Cornerstone and related to the reasons for her termination. It is easy to conclude these claims all involve the same nucleus of operative facts, so the first objection will be overruled.

### B.     Second Objection

Second, the Barkers argue the state law claims "substantially predominate" over the federal claims and therefore, under 28 U.S.C. 1367(c)(2), the Court should decline to exercise jurisdiction over the claims. Objections at 4. They object the Report "rejects predominance largely by concluding there is no indication the state-law claims will require more resources or be more salient than the federal claims." *Id.*

6

Defendants disagree because, as the Magistrate Judge noted, "Plaintiffs have provided no indication that their state law claims are more salient in the case as a whole or would require more judicial resources to adjudicate." Reply at 6.

The Court agrees with the Magistrate Judge and Defendants. Whether to decline to exercise supplemental jurisdiction under § 1367(c) is a matter left to the Court's discretion. *Williams v. Mitchell*, 122 F.4th 85, 89 (4th Cir. 2024). The Court is unable to say the state law claims will predominate over the federal ones. The pre-hiring, state-law claims are relatively straightforward and consider relatively few actions of only two or three defendants. The post-termination claims are similarly limited and, based on the amended complaint, are at least in part a continuation of some of the conduct Robyn Barker alleges was unlawful in her federal claims.

The only claims for which these points are untrue are Chris Barker's claims, yet those too relate to Robyn Barker's experience while employed by Cornerstone and allegedly subjected to conduct made unlawful by federal statutes. For these reasons, the Court declines to find the state-law claims predominate and will overrule the Barkers' second objection.

### C.    Third Objection

Third, the Barkers object that the Magistrate Judge's "treatment of § 1367(c)(4) is too narrow and does not consider the full set of compelling reasons supporting declination of supplemental jurisdiction and remand of state-law claims." Objections at 5. They assert:

> [T]he pleadings themselves show why exceptional circumstances may exist here: the state-law claims include issues and proofs (including pre-employment conduct, post-termination third-party communications, and non-employee tort damages) that would substantially broaden the scope of the case in ways not necessary to resolve the federal statutory claims and that implicate strong state interests.

Objections at 6. The Court disagrees for the reasons given above and stated by the Magistrate Judge in the Report. At a minimum, those are neither exceptional nor compelling circumstances.

7

Rather, they are the norm whenever this Court exercises supplemental jurisdiction over state law torts where its original jurisdiction is based on a federal question. Consequently, the Court will overrule the Barker's third objection, too.

## V. CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the Barkers' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Barkers' motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Signed this 26th day of March, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

## NOTICE OF RIGHT TO APPEAL

The Barkers are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

8